IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE M. WOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-240-NJR-DGW |
| | ) |
| DR. MAGID FAHIM, | ) |
| DR. SAM NWAOBASI, | ) |
| JESSIE CANADY, | ) |
| MICHAEL NELSON, | ) |
| TONYA SMITH, | ) |
| JAMES KREIG, and | ) |
| RICHARD HARRINGTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is a motion to dismiss filed by five of the seven defendants remaining in this action: Jessie Canady, Richard Harrington, James Kreig, Michael Nelson, and Tonya Smith (Doc. 43).[1] For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff, Dwayne M. Woodson, filed this lawsuit alleging violations of his constitutional rights during his incarceration at the Menard Correctional Center

---

[1] Defendants Dr. Magid Fahim and Dr. Sam Nwaobasi, who are represented by the firm Sandberg, Phoenix & von Gontard, are the other remaining defendants.

("Menard") (Doc. 1; Doc. 6). In particular, he alleges that Menard was frequently on lockdown in 2010, and, during this time, prisoners were confined to their cells without any yard time, and medical passes to the Health Care Unit were cancelled (Doc. 6). During the lockdowns, Plaintiff was denied proper medical care for uncontrolled hypertension and deprived of his medications, which led to a near-fatal hemorrhagic stroke in October 2010 (Doc. 6). Plaintiff further alleges that, following his stroke, he was again deprived of his medications due to a lockdown and also denied proper medical care and rehabilitation services irrespective of the lockdowns (Doc. 6).

Before bringing his claim, Plaintiff filed two administrative grievances related to these matters. The first grievance was filed on April 19, 2010 (Doc. 6, pp. 13, 32). Plaintiff alleges that he received no response to this grievance. Plaintiff filed another grievance on December 16, 2010, which largely outlined the same complaints listed in the April 19, 2010, grievance (Doc. 6, pp. 26, 36). This second grievance was denied by the grievance officer on January 28, 2011, because she indicated Plaintiff's "health care issues are being addressed" (Doc. 6, p. 42). Plaintiff mailed an appeal to the Administrative Review Board ("ARB"), which responded on March 10, 2011, stating that his appeal was untimely (Doc. 6, pp. 26, 43–44).

In March 2013, Plaintiff filed his *pro se* federal complaint pursuant to 28 U.S.C. § 1983 (Doc. 1). According to Plaintiff and the evidence submitted by him, he gave his complaint to prison officials in the law library at Menard on March 8, 2013 (Doc. 1-1, p. 37; Doc. 1-2, p. 24; Doc. 52, pp. 3, 13). Plaintiff requested that his complaint be

electronically filed, stating "Court deadline – need to e-filed [sic] immediately" (Doc. 52, p. 13). The complaint was not filed, however, and it was apparently returned to Plaintiff because a notary was not available (Doc. 52, p. 13). Plaintiff then re-submitted his complaint to prison officials for electronic filing on March 11, 2013 (Doc. 1-1, p. 37; Doc. 1-2, p. 24; Doc. 52, p. 14). The paralegal in the law library attempted to electronically file the complaint but was unable to successfully do so because the complaint was too long (Doc. 52, p. 15). Consequently, the paralegal placed the complaint in the mail (Doc. 52, p. 15). The Clerk of Court received Plaintiff's complaint on March 13, 2013, and it was docketed that same day (*See* Doc. 1, Doc. 1-3).[2]

In January 2014, Defendants filed a motion to dismiss pursuant to Rule 12b(6) arguing that Plaintiff's complaint should be dismissed as untimely (Docs. 43, 44). Plaintiff failed to respond to the motion by the original deadline, and the Court *sua sponte* granted him an extension of time to file a response (Doc. 46). Plaintiff was then granted an additional extension of time, until June 1, 2014, to file a response (Docs. 49, 50). Plaintiff filed a timely response on May 30, 2014 (Docs. 52, 53). Defendant's filed a timely reply on June 11, 2014 (Doc. 55).

---

[2] The complaint and attached exhibits appear to corroborate Plaintiff's story. For example, the complaint was signed by Plaintiff on March 8, 2013 (Doc. 1-1, p. 36). Likewise, in the Certificate of Service attached to the complaint, Plaintiff initially indicated that the Complaint was filed on March 8, 2013, through Menard's "E-Filing" service (Doc. 1-1, p. 37). Similarly, in an "Affidavit/Proof of Service" included with the exhibits attached to the complaint, Plaintiff initially indicated that the exhibits were electronically filed on March 8, 2013 (Doc. 1-2, p. 24). On each of these documents, however, the number 8 in the date "March 8, 2013" is crossed out and replaced by the number 11. Furthermore, the "Affidavit/Proof of Service" also indicates that Plaintiff placed his complaint in the internal mailing system at Menard, with first class postage prepaid, at 10:00 p.m. on March 11, 2013 (Doc. 1-2, p. 24).

**DISCUSSION**

Defendants argue that Plaintiff's complaint, which was docketed two years and three days after the ARB denied his appeal, is time-barred by the two-year statute of limitations that is applicable to § 1983 lawsuits in Illinois (Docs. 43, 44). The Court disagrees.

As Defendants note, there is a two-year statute of limitations that applies to § 1983 suits in Illinois, which is tolled while the prisoner exhausts the administrative grievance process. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)). For continuing violations, "the two-year period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Turley*, 729 F.3d at 651 (citing *Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001)) (parentheses in original). Eighth Amendment claims for the denial of medical care can constitute a continuing violation when "the injuries about which the plaintiff is complaining . . . are the consequence of a numerous and continuous series of events" and "it would be unreasonable to require or even permit [the plaintiff] to sue separately over every incident of the defendant's unlawful conduct." *Heard,* 253 F.3d at 319.

Here, Plaintiff's allegations concern a continuing violation. Specifically, he alleges an ongoing lack of medical care due to frequent lockdowns, and with each passing day and period of lockdown, his injuries increased. *See supra* pp. 1,–2. Therefore, the two-year limitations clock began to run from the date of the last violation

alleged. The last violation explicitly alleged by Plaintiff in the amended complaint occurred on January 10, 2011, when Dr. Fahim refused to refer Plaintiff to a neurologist, prescribe rehabilitation services, or prescribe "medications for brain damages [sic] caused by strokes" (Doc. 6, p. 26). Plaintiff also alleged that the prison was put on lockdown for 20 days beginning on January 15, 2011, however, and Defendants assumed that Plaintiff was denied proper medical care during that lockdown (Doc. 6, p. 26; *see* Docs. 43, 44). Accordingly, Defendants argue that Plaintiff's two-year statute of limitations began running on February 4, 2011—the last day of the lockdown that began on January 15, 2011 (Docs. 43, 44). The Court need not definitively determine whether the limitations clock began running on January 10 or February 4 because, in either case, the clock was immediately tolled until the grievance already filed by Plaintiff was resolved. That happened on March 10, 2011, when the ARB denied Plaintiff's appeal as untimely (Doc. 6, p. 42). Therefore, based on the two-year statute of limitations for a § 1983 claim, Plaintiff must have filed his complaint on or before March 10, 2013. Because March 10 was a Sunday, the time period was extended until the next business day—Monday, March 11, 2013. *Henderson v. Bolanda*, 253 F.3d 928, 931 n.2 (7th Cir. 2001) (citing FED. R. CIV. P. 6(a)).

Plaintiff's complaint was received by the Clerk of Court and docketed on March 13, 2013—two days beyond the deadline (*See* Doc. 1). However, the complaint was nevertheless timely by virtue of the "mailbox rule." The prison mailbox rule, established by the Supreme Court in *Houston v. Lack*, and codified in Rule 4(c) of the

Federal Rules of Appellate Procedure, provides that certain notices and motions of *pro se* prisoners should be considered filed when the prisoner delivers it to prison authorities for forwarding to the district court, rather than when it is received by the court. *Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).  While the mailbox rule was originally applied to a notice of appeal, it has since been extended to cover various other filings, including complaints. *Rutledge*, 230 F.3d at 1051 (citing *Jones v. Bertrand*, 171 F.3d 499, 501–02 (7th Cir. 1999)); *Jervis v. Mitcheff,* 258 Fed. Appx. 3, 4 (7th Cir. Dec. 13, 2007) (applying mailbox rule to § 1983 complaint).

Here, Plaintiff alleges that he delivered his complaint to prison authorities for forwarding to this Court on March 8 and again on March 11, 2013.  As previously indicated, March 11, 2013, was the date of the filing deadline.   If the Court goes with the earlier date—March 8th—then Plaintiff's complaint was considered filed three days before the deadline.  On the other hand, if the Court goes with the later date—March 11—then Plaintiff's complaint was filed on the date it was due.  Either way, Plaintiff's complaint was timely filed.  Accordingly, Defendants' motion to dismiss the complaint as time-barred must be denied.

## CONCLUSION

The motion to dismiss filed by Defendants Jessie Canady, Richard Harrington, James Kreig, Michael Nelson, and Tonya Smith (Doc. 43) is **DENIED**.  Said Defendants are hereby **ORDERED** to file an answer or otherwise plead in response to the amended

complaint within **14 days** of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   September 2, 2014**

                                                **/s Nancy J. Rosenstengel**
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**