IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE M. WOODSON, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>DR. MAGID FAHIM, DR. SAM)<br>NWAOBASI, JESSIE CANADY, MICHAEL)<br>NELSON, TONYA SMITH, JAMES KREIG,)<br>and RICHARD HARRINGTON, )<br>)<br>    Defendants. ) | Case No. 3:13-cv-240-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Enlargement of Time filed by Plaintiff on August 3, 2015 and August 27, 2015 (Docs. 66 and 69), the Motions for Recruitment of Counsel filed by Plaintiff on August 27, 2015 (Docs. 67 and 68), and the Motion for Extension of Time filed by Plaintiff on September 23, 2015 (Doc. 75).

On September 29, 2014, this Court entered a Scheduling Order setting an August 31, 2015 discovery deadline and a September 28, 2015 dispositive motion filing deadline (Doc. 62). After the Scheduling Order was entered, no motions were filed seeking either more time or any other relief. Now, at the Eleventh hour, as it were, Plaintiff has filed a flurry of motions seeking appointment of counsel and extensions of time. The Court has carefully considered each motion. Plaintiff seeks a 120 day extension of all deadlines in this case due, in part, to the number of lockdowns at Menard Correctional Center since September, 2014 (95 days) and Plaintiff's medical condition. Plaintiff also seeks recruitment of counsel. Plaintiff represents that he suffered from a stroke and other medical conditions which affect his thinking, his ability to concentrate, and his

ability to communicate.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not made the necessary attempt to secure counsel without Court assistance. Plaintiff has attached various letters to attorneys dated 2011 and one dated 2014. Plaintiff has not demonstrated that he has attempted to secure counsel more recently. It appears to the Court that if Plaintiff has in mind an attorney or firm that he believes could represent him, he should contact that attorney/firm first, prior to seeking the Court's help. In addition, even if Plaintiff had attempted to acquire counsel in a timely fashion, counsel still will not be recruited in this matter.

Plaintiff represents that he has some college education but that he suffers from brain damage subsequent to a stroke.  His condition causes language impairments, difficulty reading and writing, difficulties with thinking and memory, lowered attention span, right-side body injury (due to the stroke), and other mental and physical difficulties.  Surprisingly, in light of these representations, Plaintiff's motions are well-written, thought out, legible, lengthy, and cite to relevant case authority.  His pleadings are not typical of other prisoners' pleadings and perhaps represent his educational level (Plaintiff has some college courses including law clerk courses) and high intellectual functioning.  While Plaintiff is hampered by prison life, including lockdowns and limited law library access, he does not otherwise appear incapable of presenting his arguments to this Court in a coherent and appropriate manner.   Again, it is only after deadlines in this matter have elapsed that Plaintiff is now bringing these concerns to the Court's attention.  As such, counsel will not be appointed in this matter at this time.

However, Plaintiff is granted additional time to respond to the Motions for Summary Judgment (Docs. 72 and 76).  Currently, the response deadlines are October 1, 2015 and October 29, 2015, respectively.  Plaintiff shall have until December 18, 2015 to respond to the Motions.

For the foregoing reasons, the Motions for Enlargement of Time are **DENIED** (Docs. 66 and 69), the Motions for Recruitment of Counsel are **DENIED** (Docs. 67 and 68), and the Motion for Extension of Time is **GRANTED** (Doc. 75).

**IT IS SO ORDERED.**

**DATED: September 30, 2015**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**