UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

DWAYNE M. WOODSON, #N10392,

Plaintiff,

v.

DR. MAGID FAHIM, DR. SAM
NWAOBASI, DR. JAMES KREIG, JESSIE
CANADY, MICHAEL NELSON, TONYA
SMITH, and KIMBERLY BUTLER,

Defendants.

Case Number 3:13-cv-00240-DGW

Magistrate Judge Donald G. Wilkerson

## PROTECTIVE ORDER

This Court hereby enters a Protective Order regarding Wexford Health Sources, Inc.'s policies, procedures, and guidelines that may be produced during discovery or during trial. A Protective Order is necessary and appropriate pursuant to Fed. R. Civ. P. 26(c), and the Court being otherwise fully advised in the premises, it is hereby ordered:

1.      Portions of Wexford's policies, procedures, and guidelines contain highly sensitive and proprietary business information that could be very valuable to Defendant Wexford's competitors if publically released. Said copies produced in this action shall be stamped with the phrase "Confidential and Subject to Protective Order" (the "protected documents"), stamped with the case number, with confidential and proprietary information redacted, and shall be protected and given confidential treatment as described in this Order.

2.      These protected documents shall be produced to Plaintiff's appointed counsel, and shall not be disclosed to any person except:

        a.   This Court and its officers;

        b.   Stenographic reporters;

        c.   Defendants;

    d.  Employees of counsel; and

    e.  Experts retained in this litigation.

    f.  Plaintiff himself only as set forth in paragraph 3.

3.    A Wexford Staff Assistant at Menard CC shall facilitate the viewing of documents, identified by Plaintiff's counsel, by Plaintiff in a locked environment for a two hour period.  That time period may be enlarged upon Plaintiff's request but shall not exceed three hours.  Plaintiff may review the documents and take notes but he may not copy the documents.  Upon conclusion of the viewing, the Wexford Staff Assistant shall retrieve and retain the documents.  In the event that Plaintiff's counsel believes that there is some benefit to Plaintiff's possession of a copy of a document(s), he shall first confer with Defendants' counsel in an attempt to reach an agreement.  If such an agreement cannot be reached, counsel shall contact the Court for a discovery dispute conference and shall submit the document(s) for *in camera* inspection.  Thereafter, the Court may require written motions.

4.    Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding, shall be disclosed only to the persons identified in Paragraph 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5.    Individuals or entities permitted access to protected documents pursuant to Paragraph 2 above are hereby ordered not to show, convey, or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts  or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure

the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

    6.    Any party may apply to the Court for relief from, or modification of, this Order.

    7.    This Order is without prejudice to the rights of any party to (1) object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, or (2) to challenge such confidentiality, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

    8.    This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

    9.    Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy the protected documents.  If Plaintiff, himself, has copies of documents, he shall promptly return them to the (or a) Wexford Staff Assistant upon the termination of this action.

    10.    This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.

    11.    In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (With the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See*

*Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009).  Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

 Anyone with knowledge of the contents of this order shall be bound by its terms

**IT IS SO ORDERED**.

**DATED: February 16, 2017**

       **DONALD G. WILKERSON**
       **United States Magistrate Judge**